

KOG/MA:USAO#2023R00040
ANW/04.22.24

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | CRIMINAL NO. JKB-23-0056 |
| v. : | (Conspiracy To Damage Energy |
| : | Facility, 18 U.S.C. §1366(a); Possession |
| **SARAH BETH CLENDANIEL,** : | of Firearm by Prohibited Person, 18 |
| : | U.S.C. § 922(g)(1); Forfeiture, 18 |
| **Defendant.** : | U.S.C. § 924(d), 18 U.S.C. |
| : | § 981(a)(1)(G), 18 U.S.C. § 2332b(g)(5), |
| : | 21 U.S.C. § 853, 28 U.S.C. § 2461(c)) |
| : | |
| : | |

...oOo...

## SUPERSEDING INFORMATION

The United States Attorney for the District of Maryland charges:

### COUNT ONE

(Conspiracy to Damage an Energy Facility)

Beginning in or before January 12, 2023, and continuing until on or about February 5, 2023, in the District of Maryland and elsewhere,

**SARAH BETH CLENDANIEL**

the defendant, willfully and knowingly conspired and agreed, with Brandon Clint Russell and with other persons known and unknown to the Grand Jury, to knowingly and willfully damage and attempt to damage the property of an energy facility involved in the transmission and distribution of electricity, in an amount exceeding or which would have exceeded $100,000, and to cause a significant interruption and impairment of a function of an energy facility.

18 U.S.C. § 1366(a)

1

## COUNT TWO

(Possession of Firearm by Prohibited Person)

The United States Attorney for the District of Maryland further charges:

On or about February 3, 2023, in the District of Maryland and elsewhere,

## SARAH BETH CLENDANIEL

the defendant, knowing she had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, to wit: one semi-automatic 12 gauge TriStar (Kral) shotgun, Model Compact, bearing serial number KRC003624, and the firearm was in and affecting commerce.

18 U.S.C. § 922(g)(1)

## FORFEITURE NOTICE

1.   Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C) and (G), 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), as a result of the defendant's conviction under Counts One and Two of this Superseding Information.

### Conspiracy to Damage an Energy Facility

2.   Upon conviction of the offense alleged in Count One of this Superseding Information, the defendant,

### SARAH BETH CLENDANIEL

shall forfeit to the United States, pursuant to 18 U.S.C. §18 U.S.C. § 981(a)(1)(C) and (G), and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense or is facilitating property or property used in the offense.

### Firearms and Ammunition Forfeiture

3.   Upon conviction of the offense set forth in Count Two of this Superseding Information, the defendant

### SARAH BETH CLENDANIEL

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense.

### Property Subject to Forfeiture

4.   The property to be forfeited includes, but is not limited to:

   a.   one semi-automatic 12 gauge TriStar (Kral) shotgun, Model Compact bearing serial number KRC003624;

   b.   one 9x19 (9mm Luger) Privately Made Firearm pistol, consisting of a Polymer80 brand frame, Model PF940CP80 with a Kineti-tech brand slide, Style #19 and barrel of unknown origin;

      c.      a Glock-like P80 lower with slide;

      d.      3 Glock 9mm magazines containing 12 rounds of ammunition;

      e.      559 rounds of 9 mm ammunition;

      e.      953 rounds of 7.62 mm ammunition; and

      f.      77 shotgun cartridges.

## Substitute Assets

5.      If, as a result of any act or omission by the defendant, any of the property subject to forfeiture, identified above:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C § 924(d)
18 U.S.C. § 981(a)(1)(C), (G)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

04/23/2024
Date

*Erek L. Barron*    KATHLEEN GAVIN
                 Digitally signed by KATHLEEN GAVIN
                 Date: 2024.04.23 11:24:46 -04'00'
Erek L. Barron
United States Attorney