**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **CRIMINAL NO.  JKB-23-0056** |
| **v.** | : | |
| | : | |
| **BRANDON CLINT RUSSELL,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |
| | : | |
| | : | |

**...oOo...**

**MOTION TO SEAL**

The United States of America, by its undersigned attorneys, hereby moves this Honorable Court for the entry of an Order sealing the Government's Motion for Protective Order Regarding Undercover Witnesses and proposed Protective Order. As grounds for this motion, the government states as follows:

1.     The Government's Motion for Protective Order Regarding Witnesses contains information relating to sensitive means and methods of investigation involving the use of Confidential Human Sources ("CHSs") and undercover online FBI employees ("OCEs"), including confirmation of the use of covert FBI assets in particular instances. If this information is disseminated widely publicly or online, it could be harmful to current or future FBI investigations and could jeopardize the safety of CHSs and OCEs. █████████████████

██████████████████████████████████████

██████████████████████████████████████

2.      The Fourth Circuit has recognized that the sealing of an indictment may be granted upon a showing of "any legitimate prosecutorial need." *United States v. Ramey*, 791 F.2d 317, 321 (4th Cir. 1986).  Such "legitimate prosecutorial needs" include "protection of cooperating witnesses, and insulation of witnesses from harassment or "undue influence.'" *Id.* at 318-20.  To seal an affidavit for a search warrant, the government must demonstrate that: (1) there is a compelling government interest requiring materials to be kept under seal and (2) there is no less restrictive means, such as redaction, available.  *In re Search Warrants Issued on April 26, 2004*, 353 F. Supp. 2d 584 (D. Md. 2004).  While the government's request here relates to a motion for a protective order, the government submits that there is a compelling reason to seal that motion, which is to limit the exposure of sensitive FBI investigative techniques and practices ~~that are used in domestic terrorism matters.~~

3.      The government is not requesting that the Protective Order itself be sealed, since that Order does not contain any sensitive information.

4.      The procedures for sealing are set forth in *Baltimore Sun Co. v. Goetz*, 886 F.2d 60 (4th Cir. 1989).  "The judicial officer may explicitly adopt the facts that the government presents to justify the sealing . . . ."  *Id.* at 65.  This motion and the Court's reasons for sealing should also be sealed.  *Id.*  Notice of the sealing is required, but the notice requirement is satisfied by the docketing of the order sealing the documents.  *Id.*

WHEREFORE, the government respectfully requests that its Motion For Protective Order Regarding Undercover Witnesses, along with this motion and the Court's reasons for sealing, if made express in its order, be sealed until further order of this Court.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____

Kathleen O. Gavin
Michael K. Aubin
Assistant United States Attorneys
36 South Charles Street
Baltimore, Maryland 21201
410-209-4800

4