IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **CRIMINAL NO. JKB-23-0056** |
| : | |
| **BRANDON CLINT RUSSELL,** : | |
| Defendant. : | |
| : | |
| : | |

...oOo...

### GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER

The United States of America, by its undersigned attorneys, submits this reply to the defendant's Opposition to the Government's Motion for Protective Order Regarding Undercover Witnesses, and states as follows.

The defendant's opposition is largely based on his contention that he is entitled to know the true names of the three covert witnesses. While acknowledging, as he must, that even under the Confrontation Clause of the Sixth Amendment, he does not have an absolute right to that information, the defendant insists that he needs the witnesses' true names in order to "know the evidence being used against" him, to "have impeachment information," and "to have exculpatory evidence." ECF 106 at 2. The circumstances of this case, the fundamental principles underlying Rule 16 of the Federal Rules of Discovery, and the wealth of case authority already cited by the government establish that the defendant's constitutional right to a fair trial will not be infringed if the true names of the witnesses are not disclosed to him or to his counsel.

1

First, the defendant's claim that withholding the true names will deprive him of the right to "know the evidence being used against him" is just wrong. The true identities of the witnesses are completely irrelevant in this case and are not evidence. That is because the defendant never knew the actual identities of the witnesses in the first place. The witnesses used online monikers or user names, not their real names, and the defendant and his co-conspirator only communicated with them online or over the telephone. The evidence that will be "used against" the defendant consists of the screenshots and recordings of those communications. The defendant is also fully aware of that evidence, because the government produced it to him in discovery.

Second, the defendant's claim that he needs to know the true names of the witnesses in order to conduct his own search for impeachment and exculpatory information is unpersuasive. The government has identified a very real and serious threat to the safety of the witnesses if their true identities are disclosed. That interest outweighs the defendant's interest in obtaining personal information about the witnesses, especially where the witnesses' anticipated testimony will be reliant upon and supported by physical evidence. The sum total of the witnesses' testimony will consist of identifying their communications with the defendant, communications which are in writing or recorded, and therefore, are objectively verifiable. And, of course, the government will provide the defense with any *Brady, Giglio*/impeachment information and *Jencks Act* information regarding the three witnesses.

The defendant tries to avoid this result by claiming that the threat identified by the government is merely speculative, rather than actual. ECF 106 at 3. The information contained in the government's sealed submission is anything but speculative. The information reflects a very clear pattern and practice, as well as evidence of *current* intent, to engage in the threatening behavior if the witness' names are disclosed in this case. The Court need not wait until the

witnesses' safety is actually impacted before finding that the threat is real, as the defendant seems to suggest.

The defendant's only other apparent objection to the proposed protective order is the government's request to allow the three witnesses to use a light disguise when testifying. According to the defendant, the venire panel must see the witnesses and also know their true names in order to determine whether any of them know the witnesses personally so that they can bring that information to the attention of the Court. ECF 106 at 4. This argument is nonsensical. The purpose of using pseudonyms and wearing a light disguise is to conceal the witnesses' true identities so that a juror or venire member would only know the witness by pseudonym with a disguised physical appearance. In other words, the juror or venire member would never know that the witness on the stand was in fact someone known to him or her, so there would be nothing for the juror to bring to the attention of the Court.

The defendant also argues that a juror could not meaningfully evaluate the witness' credibility if the witness wears a light disguise. *Id.* In making this bald assertion, the defendant cites to no authority whatsoever and ignores the fact that courts, including in this district, have allowed witnesses to testify wearing light disguises. *See, e.g. United States v. Gabrielian*, Criminal No. SAG-22-0336, at ECF 65. *See also United States v. Dumeisi*, Criminal Case No. 03-664 , ECF 83, (N.D. Ill. Jan 2, 2004).

Moreover, because the defendant never met or saw the three witnesses, their physical appearances are not at issue.[1] It is the substance of their communications that is relevant and that

---

[1] The government erroneously stated in its motion that the defendant never saw an image of CHS #1. ECF 102, at 4. In fact, the defendant did see an online photograph of CHS #1, but the image only showed the CHS above the chest, wearing a mask that covered the entire face except for the eyes, and a hat that concealed the CHS' head and virtually all of the CHS' hair.

substance is contained in the online written conversations and recordings which will be introduced into evidence.

There is also no issue of physical identification of the witnesses for the jury to consider. The jury likely will not know that the witnesses have altered their appearances in the first place. And in the event that the light disguises are somehow apparent, the Court could provide an instruction to the jury that it should not consider that fact in its assessment of the evidence or provide some neutral explanation for the use of the disguises.

In short, the use of light disguises in this case, as well as the other protective measures sought, "furthers an important state interest and … the reliability of the evidence [is] otherwise assured." *United State v. de Jesus-Castaneda*, 705 F.3d 1117, 1120 (9th Cir. 2013). The safety of the witnesses, as well as their ability to continue to conduct covert operations in other investigations, are exceedingly important federal interests.[2] The evidence of the witnesses' contacts with the defendant is reliable and does not depend on witness credibility. These factors outweigh any interest of the defendant, or his counsel, in learning the true names of the witnesses.

The last issue raised by the defendant in his opposition is that he now apparently believes that "FISA has now been implicated" because the government is seeking to protect the true identities of the three witnesses. He further states that he intends to seek notice from the government as to whether it intends to use evidence obtained from surveillance authorized under the FISA Amendments Act of 2008. ECF 106 at 6.

---

[2] The defendant's assertion that the government's interest in using the witnesses in other covert investigations is not an important factor for the Court to consider is baseless. ECF 106 at 1. The ability to conduct covert investigations into potential violations of federal criminal law, especially those involving acts of violence, while protecting the safety of those involved in such investigations, is obviously a very important governmental, as well as societal, interest.

The government has met and exceeded its discovery obligations to the defendant. The government is aware of all of its disclosure obligations, including its notification obligation regarding FISA-derived information, *see* 50 U.S.C. 1806(c), and pursuant to the Classified Information Procedures Act (CIPA). The government is aware that it has obligations to produce classified information if certain conditions are met and that it cannot withhold information it would otherwise be required to produce merely because it is classified. The government has and will continue to fully abide by its obligations.

## **CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in its Motion for Protective Order Regarding Undercover Witnesses, the government respectfully requests that this Court grant its motion and issue the requested Protective Order.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____
Kathleen O. Gavin
Michael F. Aubin
Assistant United States Attorneys
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

*FILED VIA ECF/CM*