IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| | : **CRIMINAL NO. JKB-23-0056** |
| **v.** | : |
| | : |
| **BRANDON CLINT RUSSELL,** | : |
| | : |
| **Defendant.** | : |
| | : |
| | : |

...oOo...

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO COMPEL NOTICE OF FISA INFORMATION**

The United States of America, by its undersigned attorneys, submits this response to the defendant's Motion to Compel the Government to Provide Notice of Its Intent to Use or Disclose Information Obtained or Derived from Surveillance Conducted Pursuant to Section 702 of the Foreign Intelligence Surveillance Act, and states as follows.

The defendant seeks to compel the government to provide notice of its "intent to use evidence obtained or derived from Section 702 surveillance of his communications in the present case." ECF 107, at 2. According to the defendant, the timing of the publication of an article in *Politico* on February 13, 2023, and public statements by FBI Director Wray about an unidentified foiled terror plot "strongly suggests that communications related to the instant prosecution were intercepted and queried pursuant to Section 702." In other words, the defendant's extraordinary motion to compel is based on pure speculation.

The government has met and exceeded its discovery obligations in this case. It has provided not only materials called for under Rule 16, but *Jencks* Act and potential impeachment information, as well as voluminous other materials, including statements of the defendant that are

1

not even relevant to the charge of conspiracy. The government is aware of *all* of its disclosure obligations, including its notification obligation regarding FISA-derived information, *see* 50 U.S.C. 1806(c), and pursuant to the Classified Information Procedures Act (CIPA).

That notice obligation regarding the use of FISA information under 50 U.S.C. § § 1806(f), 1825(d), and 1881(e) applies only if the government (1) "intends to enter into evidence or otherwise use or disclose" (2) "against an aggrieved person" (3) in a "trial, hearing or other proceeding in or before any court, department officer, agency, regulatory body, or other authority of the United States" (4) any "information obtained or derived from" (5) "electronic surveillance [or physical search] of that aggrieved person." 50 U.S.C. § § 1806(c) and 1825(d). Only where all five criteria are met must the government provide notice that the United States intends to use or disclose such information. In this case, the government has determined that a FISA notice is not required.

In short, the government is aware that it has obligations to produce classified information if certain conditions are met and that it cannot withhold information it would otherwise be required to produce merely because it is classified. The government has and will continue to fully abide by all of those obligations.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny the

defendant's Motion to Compel.

                                                 Respectfully submitted,

                                                 Erek L. Barron
                                                 United States Attorney

By:                                
                                                 Kathleen O. Gavin
                                                 Michael F. Aubin
                                                 Assistant United States Attorneys
                                                 36 South Charles Street
                                                 Fourth Floor
                                                 Baltimore, Maryland 21201
                                                 (410) 209-4800

                                                 *FILED VIA ECF/CM*