IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| BRANDON CLINT RUSSELL, | *  Crim. No. JKB-23-0056 |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

This matter is set for a jury trial beginning on January 27, 2025, and a pretrial conference is scheduled for January 13, 2025. In advance of these proceedings, the Government has filed two *Ex Parte* Motions (ECF Nos. 198, 201), as well as corresponding Motions to Seal those *Ex Parte* Motions (ECF Nos. 197, 200). The Motions to Seal were themselves filed under seal.

The public has a First Amendment right of access to criminal trials, pretrial proceedings, sentencings, and documents submitted in connection with those proceedings. *In re Charlotte Observer (Div. of Knight Pub. Co.)*, 882 F.2d 850, 852 (4th Cir. 1989); *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986). Under the First Amendment, a court may restrict access only if such restriction is narrowly tailored to serve a compelling government interest. *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). Before sealing a document, the Court must (1) provide public notice of the sealing request and provide a reasonable opportunity for the public to object; (2) consider less restrictive alternatives; and (3) state its reasoning, together with findings, on the record. *Id.* at 272.

Further, Local Rule 207.2 provides that:

> Any post-arrest motion seeking the sealing of filings other than charging documents shall include (a) proposed reasons supported by specific factual representations to

justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection. The Court will rule on such motion after sufficient time has passed to permit the filing of objections. Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court. If the motion is denied, the party making the filing will be given an opportunity to withdraw or redact the materials.

Local Rule 207.2 (D. Md. 2023).

Under these standards, the Motions to Seal were improperly filed under seal. Even when an underlying document should be sealed, it is seldom necessary for the Government's arguments in support of sealing to *itself* to be restricted from the view of the public. Here, the Motions to Seal contain legal argument and have no information that could possibly lead to the identification of Government witnesses (the concern that animates the Government's requests for sealing in this case). Because the Government has identified no reason—let alone a compelling interest—for maintaining the Motions to Seal under seal, they will be unsealed.

Additionally, the Court observes that the *Ex Parte* Motions were filed wholly under seal, without any unsealed, redacted version. The Court agrees with the Government that the *Ex Parte* Motions contain information that would pose a substantial risk to witness safety. But the Government's interest in protecting witness safety could likely be adequately protected by maintaining the original *Ex Parte* Motions under seal, while also filing unsealed versions of those Motions, with narrowly tailored redactions applied where necessary.

Accordingly, it is ORDERED that:

1. The Clerk is DIRECTED to unseal the two pending Motions to Seal (ECF Nos. 197, 200).
2. By no later than 10:00 a.m. on Monday, January 13, 2025, the Government either: 1) SHALL FILE unsealed versions of the *Ex Parte* Motions, with narrowly tailored redactions applied in accordance with the First Amendment standard; or else 2) SHALL

SHOW CAUSE—with citation to authority and a proffer of evidence—why the filing of unsealed, redacted versions of the *Ex Parte* Motions would not be appropriate.

3. The Court will address the question of whether to grant the Government's Motions to Seal—as well as whether to grant the underlying *Ex Parte* Motions—during the January 13 Pretrial Conference. The Court will likely grant the Motions to Seal if the Government files appropriately narrowly redacted unsealed versions of the *Ex Parte* Motions.

DATED this 8th day of January, 2025.

BY THE COURT:

/S/ JAMES K. BREDAR
James K. Bredar
United States District Judge