IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| BRANDON CLINT RUSSELL, | *   Crim. No. JKB-23-0056 |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Court held a Pretrial Conference and *Lafler/Frye* hearing[1] on January 13, 2025, in advance of the jury trial in this matter, which is scheduled to begin on January 27, 2025. For the reasons below, as well as those stated in open court, the Court issues the following rulings.

### I. The Defendant's Motion in Limine (ECF No. 178)

The Defendant's Motion in Limine (ECF No. 178) will be denied in part without prejudice, granted in part, and denied in part as moot. Subject to the exceptions noted below, the Motion will generally be denied with respect to the Defendant's request to exclude his alleged prior statements proffered by the Government in its "Notice of Intent to Introduce Evidence Pursuant to FRE 404(b)" (the "404(b) Notice") (ECF No. 194-1). Such evidence is presumptively admissible as intrinsic to the charged conspiracy. *See United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010); *United States v. Day*, 700 F.3d 713, 729 (4th Cir. 2010). The denial of the Defendant's Motion in Limine will be without prejudice to the Defendant renewing an objection at trial.

The Motion in Limine will be granted in part, however, in the following respects:

---

[1] *Missouri v. Frye*, 566 U.S. 134 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012).

1. To the extent that the Government seeks to introduce, under Federal Rule of Evidence ("FRE") 404(b), evidence that the Defendant endorsed or adopted the statements espoused in the document known as "Make It Count," the Motion in Limine will be granted. The Government did not provide sufficient notice under FRE 404(b) of its intent to use the Defendant's alleged uploading of "Make it Count" to support its theory that the Defendant endorsed or adopted the statements made therein.[2]

2. The Government is barred from introducing evidence referring or relating to the Defendant's alleged interest in attacking railroad infrastructure or trains, or from introducing evidence relating to drag shows. Such evidence is not relevant to the charged conspiracy and is thus inadmissible under FRE 402. Moreover, even assuming that the evidence has some minimal relevance, under FRE 403, its probative value is substantially outweighed by the risk of unfair prejudice.

The Motion in Limine will be denied as moot with respect to the Defendant's request that evidence of his prior incarceration or his supervised release status be excluded, given the Government's proffer that it does not intend to introduce such evidence during its case-in-chief.

Finally, with respect to the Defendant's request that the Court exclude evidence of the Defendant being an alleged neo-Nazi, as well as evidence pertaining to the "Atomwaffen Division," the Motion will be denied without prejudice to the Defendant raising specific objections at trial.

---

[2] Notwithstanding this ruling, evidence of the Defendant's endorsement or adoption of "Make it Count" is still presumptively admissible as intrinsic to the underlying conspiracy, provided the necessary foundation is laid.

## II. The Government's *Ex Parte* Motion to Withhold from Discovery (ECF Nos. 198, 204, 206)

The Government's *Ex Parte* Motion to Withhold from Discovery (ECF No. 198 (sealed version); ECF No. 204 (unsealed, redacted version); ECF No. 206 (supplement to sealed version)) will be denied. The Court has reviewed *in camera* the documents sought to be withheld, and it concludes that many of those documents relate to the anticipated subject matter of the testimony of the Government's confidential witness, whom the Government refers to as "CHS-1."

Under the Jencks Act, in a criminal prosecution, "[a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. 3500(b).[3]

As relevant here, "statement" is defined to include "a written statement made by said witness and signed or otherwise adopted or approved by him." 18 U.S.C. § 3500(e); *United States v. Roseboro*, 87 F.3d 642, 645 (1996). The Fourth Circuit has taken a broad view of what kinds of prior statements "relate[] to the subject matter" of a witness's testimony:

> The Act requires production of any statement which relates to the subject matter as to which the witness testified, and in determining whether the statements in question related to the direct testimony of the witness, it must relate generally to the events and activities testified to. If the statement relates to the general context of the testimony of the witness, it is not the prerogative of the Government nor even the court to pass upon the relevancy or utility of the statement.

*United States v. Derrick*, 507 F.2d 868, 871 (4th Cir. 1974) (cleaned up); *see also United States v. Poulin*, 461 F. App'x 272, 285 (4th Cir. 2012).

---

[3] Federal Rule of Criminal Procedure 26.2 incorporates the provisions of the Jencks Act and is analyzed identically. *United States v. Smith*, 31 F.3d 1294, 1302 n.6 (4th Cir. 1994).

The Fourth Circuit has also suggested that the threshold for showing that a statement "relates to" a witness's testimony is lower than that for relevancy, and that statements relating to a witness's testimony must be produced even if they have no impeachment value. *See United States v. Lewis*, 35 F.3d 148, 152 (4th Cir. 1994). The Court has "substantial latitude" in how it conducts the inquiry into whether materials fall within the scope of the Act. *United States v. Boyd*, 53 F.3d 631, 634 (4th Cir. 1995).

For these reasons, the Government's reliance on the D.C. Circuit's decision in *Norinsberg Corp. v. USDA*, 47 F.3d 1224 (D.C. Cir. 1995), is misplaced. In *Norinsberg*, the D.C. Circuit adopted a narrow reading of "relates to" as reaching "only documents overlapping with the subject matter of the testimony—and so potentially containing inconsistencies." *Id.* at 1229. On this reading, the D.C. Circuit held, a document "relates to" a witness's testimony only if it has some impeachment value for the defendant. *Id.* at 1230. Whatever the merits of this approach may be, it is plainly in tension with the Fourth Circuit's statement that "[i]f the statement relates to the general context of the testimony of the witness, *it is not the prerogative of the Government nor even the court to pass upon the relevancy or utility of the statement.*" *Derrick*, 507 F.2d at 871 (emphasis added). *Derrick* remains good law in this Circuit, and the Court is not free to follow countervailing out-of-circuit precedent.[4]

Finally, as the Government concedes, if a statement falls within the scope of the Jencks Act, disclosure is mandatory; the statute contains no exception for protecting witness safety or national security. (*See* ECF No. 198 at 18; ECF No. 204 at 18 (Government conceding that there is no authority for withholding Jencks Act production on those grounds).)

---

[4] Moreover, even under the stricter *Norinsberg* approach, many of the statements sought to be withheld would still qualify as Jencks material, as many of the witness's prior statements "overlap[] with" the subject matter about which the witness plans to testify. Further, the statements may have some impeachment value insofar as they suggest the possibility of witness bias.

4

Accordingly, the Government must produce all documents authored, adopted, or approved by CHS-1 that "relate generally" to the subject matter as to which CHS-1 is expected to testify.

### III. The Government's *Ex Parte* Supplemental Motion for Protective Order Regarding Undercover Witnesses (ECF Nos. 201, 203)

The Government's *Ex Parte* Supplemental Motion for Protective Order Regarding Undercover Witnesses (ECF Nos. 201 (sealed version), 203 (unsealed, redacted version)) requests that the Court take steps to protect the confidentiality of a confidential government witness. These steps include, *inter alia*:

- Permitting the Government to redact from discovery information concerning the true identity of the witness;
- Permitting the witness to testify under a pseudonym and while wearing a light disguise;
- Prohibiting Defense Counsel from asking questions of the witness at trial reasonably calculated to lead to the identification of the witness; and
- Clearing the courtroom of members of the public during the testimony of the witness.

(ECF No. 201 at 3–4.)

The Motion will be granted, except with respect to the request for closure of the courtroom to members of the public. The Court concludes that closure of the courtroom to the public is unnecessary in light of the Order entered on January 13, 2024, which prohibits members of the public or press from using electronic devices in the courtroom. (ECF No. 207.) As to the other requested measures, they are consistent with the restrictions the Court has already approved for other confidential witnesses in this case. (*See* ECF No. 134.) The requested restrictions are necessary to protect the witness's safety, and adequately safeguard both the Defendant's Confrontation Clause rights and his (and the public's) right to an open trial. (*See id.* at 3 (citing

*United States v. Ramoz-Cruz*, 667 F.3d 487, 500 (4th Cir. 2012); *id.* at 7 (citing *Waller v. Georgia*, 467 U.S. 39, 44 (1984), and then citing *United States v. Barronette*, 46 F.4th 177, 193 (4th Cir. 2022).)

### IV. The Government's Motions to Seal (ECF Nos. 197, 200, 205)

The Government has filed three Motions to Seal, which collectively request that the Court permit the sealing of the Government's *Ex Parte* Motions and a supplement to one of those *Ex Parte* Motions. (ECF No. 197, 200, 205.) The Government has provided accompanying unsealed, redacted versions of the *Ex Parte* Motions. (ECF Nos. 203, 204.) The Court has reviewed the Motions to Seal under the First Amendment standard articulated in the Court's Memorandum and Order of January 8, 2025 (ECF No. 202), and it finds that (1) sealing is necessary to protect the Government's compelling interest in witness safety and (2) the redactions are narrowly tailored to protect that interest. Accordingly, the Motions to Seal will be granted.

### V. Conclusion

For the foregoing reasons, and for those stated in open court, it is ORDERED that:

1. The Defendant's Motion in Limine (ECF No. 178) is GRANTED IN PART, DENIED IN PART WITHOUT PREJUDICE, AND DENIED IN PART AS MOOT, as follows:

   a. The Motion in Limine is GRANTED in that: (i) evidence that the Defendant endorsed or adopted the statements espoused in "Make it Count" shall be admissible, if at all, solely on the theory that the evidence is intrinsic to the charged conspiracy, and not as FRE 404(b) evidence; (ii) the Government is barred from introducing evidence referring or relating to the Defendant's alleged interest in attacking railroad infrastructure or trains; and (iii) the Government is barred from introducing evidence relating to drag shows.

   b. The Motion in Limine is DENIED AS MOOT with respect to the Defendant's request that evidence of his prior incarceration or his supervised release status be excluded.

   c. In all other respects, the Motion in Limine is DENIED WITHOUT PREJUDICE.

2. The Government's *Ex Parte* Motion to Withhold from Discovery (ECF Nos. 198, 204, 206) is DENIED. The Government SHALL PRODUCE all prior statements of CHS-1 that relate generally to the subject matter of his anticipated testimony, including all statements written, edited, or otherwise expressly adopted as his own by CHS-1 that refer to accelerationism, neo-Nazism, white nationalism/supremacy, or the charged conspiracy. By agreement of the parties, the Government SHALL PRODUCE such materials by no later than 9 a.m. on January 23, 2025. In accordance with the criminal discovery practice in this District, the Defendant may review any Jencks materials relating to CHS-1 only in the immediate physical presence of his counsel, and he may not possess, keep, or be given any copy of such materials at any other time.

3. The Government's Supplemental Motion for Protective Order (ECF Nos. 201, 203) is GRANTED IN PART and DENIED IN PART. The Motion is DENIED IN PART with respect to the request that the courtroom be closed to members of the public during CHS-1's testimony. In all other respects, the Motion is GRANTED.

4. The Court's July 2, 2024, Order (ECF No. 135) is VACATED IN PART, to the extent that that Order provided for the partial closure of the courtroom to the public during the testimony of undercover witnesses. In all other respects, the July 2, 2024, Order is UNCHANGED.

5. The Government's Motions to Seal (ECF Nos. 197, 200, 205) are GRANTED.

DATED this ___14___ day of January, 2025.

BY THE COURT:

*/s/ James K. Bredar*
James K. Bredar
United States District Judge